79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henriette SAKRE, Defendant-Appellant.
 No. 94-1946.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1996.
 
 1
 Before: NORRIS, SILER and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1994, Henriette Sakre was named in a two-count indictment in connection with the importation of heroin. Sakre thereafter entered into plea negotiations that culminated in an agreement to enter a guilty plea to one count of importation of heroin, in violation of 21 U.S.C. §§ 952(a) and 960(a). The plea was eventually accepted, Sakre was found guilty of the offense to which she pleaded and she was sentenced to a 60 month term of incarceration. This appeal followed.
 
 
 4
 Counsel for Sakre filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Sakre was served with this motion and a copy of the brief on July 24, 1995 and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Sakre has not responded as of the date of this memorandum. The plaintiff-appellee will not be filing a brief unless requested by the court.
 
 
 5
 The relevant facts, as gleaned from the entire record and the appellate filings, are as follows: Henriette Sakre, a naturalized British subject of Lebanese descent, was apprehended at the Detroit airport. She was initially detained because of irregularities on a United States Customs form. A strip search yielded a container of heroin hidden in Sakre's underwear and an x-ray revealed that she had secreted two more similar containers within her body. These containers were also found to contain a quantity of heroin. Approximately 470 grams of heroin was found on Sakre.
 
 
 6
 Sakre entered into a plea agreement whereby she would plead guilty to Count One of the indictment in exchange for the dismissal of Count Two and consideration for her acceptance of responsibility at sentencing. Sakre was assisted at all times by an interpreter, although there are indications in the record that she spoke some English.
 
 
 7
 Sakre pleaded guilty to one count of importation of heroin into the Eastern District of Michigan. The language of the indictment tracks that of the statutes, 21 U.S.C. §§ 952(a) and 960(a), and Detroit lies within the Eastern District of Michigan. 28 U.S.C. § 102(a)(1). Jurisdiction thus does not appear to be an issue in this case and Sakre's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 8
 The transcript of the plea colloquy reflects the district court's adherence to the dictates of Fed.R.Crim.P. 11(c). The court delineated the nature of the charges, the maximum exposure Sakre faced and the mandatory 60 month minimum carried by Count One, as required by Rule 11(c)(1). Sakre was represented by an attorney, Rule 11(c)(2), and the court advised Sakre of the rights she was forfeiting by virtue of this plea, as required by Rule 11(c)(3) & (4). There is no patent defect in the plea colloquy and counsel for Sakre does not contend otherwise. Counsel for Sakre also notes that there was no defect in the sentencing of his client. He summarized the overwhelming evidence of her guilt and that she received the minimum 60 month sentence permitted. Sakre does not dispute any of her counsel's representations, this is the sentence contemplated by the plea agreement, and no irregularity otherwise appears on the record before the court. The appeal lacks merit.
 
 
 9
 Accordingly, the motion to withdraw representation is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation